NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE M. GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>PASSAIC COUNTY SHERIFF OFFICER PICKETT, PASSAIC COUNTY SHERIFF DEPARTMENT, COUNTY OF PASSAIC, JOHN & JANE DOES 1-5,<br><br>        Defendants. | Civil Action No. 14-cv-1692 (KSH)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* and motion for the appointment of *pro bono* counsel. Based on Plaintiff's affidavit of indigence (ECF No. 14), the Court finds that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 USC § 1915. Plaintiff, who then was represented by counsel, filed this suit against Defendants in relation to an alleged incident in which he was, "without provocation, cause or justification," assaulted by corrections officers while in custody awaiting a court appearance. (Complaint, ECF No. 1-3, ¶¶ 9-17.) Plaintiff brings a variety of claims arising out of the alleged incident, including due process violations, excessive force, negligent supervision, failure to implement proper policies, racial discrimination, and intentional infliction of emotional distress. (Id., Counts I-IX, ¶¶ 18-65.)

It is well-established that there is no constitutional right to counsel in a civil action. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, the Court may request, though not require, an attorney to represent a civil litigant. Id. (citing 28 U.S.C. § 1915(e)(1)); see also Christy v. Robinson, 216 F. Supp. 2d 398, 406, n.16 (D.N.J. 2002) (citing Mallard v. United States Dist. Court for S. Dist. of

Iowa, 490 U.S. 296, 301-02 (1989)). Although the Court has broad discretion to determine whether the appointment of counsel in a civil matter is appropriate, the Court "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).

To determine whether to appoint counsel for an indigent litigant in a civil case, the Court first must make a threshold assessment of the merit of one's case such that there must be "some arguable merit in fact and law." Montgomery, at 498-99; Parham, 126 F.3d at 457; Tabron v. Grace, 6 F.3d 147, 155-57, n.5 (3d Cir. 1993)). If there exists some merit, the Court should then consider the following factors:

1) the plaintiff's ability to present his own case;
2) the complexity of the legal issues;
3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
4) the amount a case is likely to turn on credibility determinations;
5) whether the case will require the testimony of expert witnesses; and
6) whether the plaintiff can attain and afford counsel on his own behalf.

Id.

Here, upon review of the docket and Plaintiff's application for the appointment of counsel, the Court recognizes that the complaint plainly sets forth Plaintiff's account of the incident at issue, is comprised of several state and federal claims, was drafted by an attorney, and has not been the subject of a motion to dismiss since Defendants removed the action to federal court. The Court accordingly finds that that the claims may be meritorious. The Court further recognizes Plaintiff's limited comprehension of legal matters as well as his concern for the diligent prosecution of his claim and his unsuccessful efforts to secure replacement counsel. However, notwithstanding the length of the complaint, the number of claims presented, and the fact that claims involving

- 3 -

emotional distress and corrections practices may be amenable to expert review, the case concerns a discrete, straightforward factual scenario for which there are differing accounts. That is, the case is likely to turn on the credibility of a few principal witnesses regarding the alleged incident and the documentation thereof. Furthermore, Plaintiff in his application and other interactions with the Court has demonstrated his organizational skills and commitment to the pursuit of his claims, both of which reflect his ability to present his case. The Court therefore denies Plaintiff's application for appointment of *pro bono* counsel without prejudice. Plaintiff may renew his application upon a change in circumstances, and the Court will reassess whether to appoint *pro bono* counsel.

**ACCORDINGLY, IT IS** on this 23rd day of February, 2016,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 14) is GRANTED;

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel (ECF No. 15) is DENIED;

**ORDERED** that the Clerk shall terminate ECF No. 15; and

**ORDERED** that the Clerk shall transmit this Order via certified mail, return receipt requested, to Plaintiff.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**